IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES LEE WALLACE,<br><br>                    Plaintiff,<br>v.<br><br>KENNETH ALDRIDGE *et al.*,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING CASE WITHOUT PREJUDICE**<br><br>Case No. 2:17-cv-349<br><br>District Judge Jill N. Parrish |

## I.      BACKGROUND

- **May 11, 2017**     Plaintiff filed this complaint, alleging violations of federal civil rights that occurred in 2013 while he was an inmate at the Weber County correctional facility. (Doc. No. 3.)

- **January 30, 2018**     The court dismissed certain defendants and ordered that service of process be effected on remaining defendants. Remaining defendants were ordered to file, in sequence, an answer, a *Martinez* report, and a dispositive motion. (Doc. No. 8.) The Order further stated, "[i]f served with a summary-judgment motion . . . Plaintiff must submit a response within 30 days of the motion's filing date." (Doc. No. 8.)

- **March 14, 2018**     Defendants filed their answer. (Doc. No. 16.)

- **April 3, 2018**     Plaintiff filed a change of address. (Doc. No. 17.)

- **June 12, 2018**     Defendants filed their *Martinez* report. (Doc. No. 18.)

- **July 12, 2018**     Defendants filed their Motion for Summary Judgment. (Doc. No. 25.)

• **Nov. 29, 2018**       The court ordered plaintiff to show cause within 30 days why this action should not be dismissed for failure to prosecute and file a response to defendants' Motion for Summary Judgment. (Doc. No. 32.)

The court has not heard from plaintiff for nearly ten months (since April 3, 2018), during which time this litigation has ground to a halt as a result of plaintiff's failure to file two required responses: a response to defendants' Motion for Summary Judgment, and a response to this court's Order to Show Cause.

## II.       ANALYSIS

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). District courts may dismiss actions *sua sponte* for failure to prosecute. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with . . . court orders."); s*ee also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (stating court has inherent authority to clear "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) ("Dismissal for failure to prosecute is a recognized standard operating procedure in order to clear the deadwood from the courts' calendars where there has been prolonged and unexcused delay.").

Generally, "a district court may, without abusing its discretion, [dismiss a case without prejudice] without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007). But a dismissal without prejudice is effectively a dismissal with prejudice if the statute of limitations has expired on the dismissed claims. *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th

Cir. 1992). Thus, the court must determine if the statute of limitations has expired on plaintiff's claims if he were to refile them after dismissal.

"Utah's four-year residual statute of limitations . . . governs suits brought under [§] 1983." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). And "[a]ctions under § 1983 normally accrue on the date of the [alleged] constitutional violation," *Garza v. Burnett*, 672 F.3d 1217, 1219 (10th Cir. 2012), as § 1983 claims "accrue when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994). The court notes that "[a] plaintiff need not know the full extent of his injuries before the statute of limitations begins to run," *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994); *see also Romero v. Lander*, 461 F. App'x 661, 669 (2012) (section 1983 case), and "it is not necessary that a claimant know *all* of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993) (emphasis in original).

Applying the four-year statute of limitations to this case, the court concludes that plaintiff's claims are very likely to be barred as untimely if refiled after dismissal. Plaintiff's claims arise almost entirely from events alleged to have occurred on December 16, 2013: Defendants' withholding of mental-health treatment; use of excessive force; and inadequate follow-up medical care for his injuries resulting from excessive force. But for the timely initiation of this lawsuit, the statute of limitations would have expired in December 2017.

In sum, it appears that if plaintiff tried to refile these claims following a dismissal without prejudice, they would be barred by the statute of limitations. Thus, a dismissal without prejudice would operate as a dismissal with prejudice.

When a dismissal is with prejudice, this court must apply the factors listed in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)--namely, "(1) the degree of actual prejudice to [defendants]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Id*. at 921 (internal quotation marks omitted). A dismissal with prejudice is appropriate only when these factors overshadow the judicial system's strong preference to decide cases on the merits. *DeBardeleben v. Quinlan*, 937 F.2d 502, 504 (10th Cir. 1991). The *Ehrenhaus* factors are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

The court turns to each factor below.

**A. Degree of actual prejudice to Defendants.**

Prejudice may be inferred from delay, uncertainty, and rising attorney's fees. *Faircloth v. Hickenlooper*, No. 18-1212, 2018 U.S. App. LEXIS 36450, at *5 (10th Cir. Dec. 26, 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (finding substantial prejudice when plaintiff "sparked months of litigation" and defendants "wasted eight months of litigation"); *Riviera Drilling & Exploration Co. v. Gunnison Energy Corp*., 412 F.

App'x 89, 93 (10th Cir. 2011) (unpublished) (approving district court's observation that "delay would 'prolong for the defendants the substantial uncertainty faced by all parties pending litigation'" (citation omitted)).

Reviewing this case's docket, the court concludes that plaintiff's neglect prejudices defendants. Starting nearly eleven months ago—on March 8, 2018—when summonses were executed, defendants have defended this lawsuit in good faith. They have closely adhered to the court's order, (Doc. No. 8), by submitting an answer, (Doc. No. 16), filing a *Martinez* report, (Doc. No. 18), and their motion for summary judgment, (Doc. No. 25). The *Martinez* report and summary judgment motions thoroughly recite the facts and law, analyze the issues, and provide twenty-five relevant exhibits with evidentiary support. (Doc. Nos. 18, 20-23, 26-31.) This all took considerable time and resources from defendants—and all for naught as plaintiff has been completely unresponsive. Defendants have wasted nearly eleven months of litigation since they were first served. To allow the case to proceed when plaintiff has not met his obligations might require defendants to spend more unnecessary time and money to defend a case that plaintiff seems to have no interest in pursuing. This factor weighs toward dismissal. *See Kalkhorst v. Medtronic, Inc.*, No. 18-cv-580-KLM, 2018 U.S. Dist. LEXIS 215598, at *8 (D. Colo. Dec. 19, 2018); *see also Tolefree v. Amerigroup Kan., Inc.*, No. 18-2032-CM-TJJ, 2018 U.S. Dist. LEXIS 195448, at *5 (D. Kan. Nov. 15, 2018) ("Defendants have had plaintiff's allegations pending in an open court case for nearly ten months, with no end in sight. Plaintiff, on the other hand, has shown little interest in pursuing her claims or following court orders.").

## B. AMOUNT OF INTERFERENCE WITH THE JUDICIAL PROCESS.

In *Jones*, the Tenth Circuit concluded that the plaintiff had significantly interfered with the judicial process when he failed to answer a show-cause order or join a telephone conference. *Jones*, 996 F.2d at 265. Though Jones later argued that the district court could have abated the

suit and revisited the status in three to six months, the court noted that abeyance would have delayed the proceedings for the other parties and the court. *Id*. The court explained that "[i]n similar circumstances, we have held that a district court could find interference with the judicial process when the plaintiff 'repeatedly ignore[s] court orders and thereby hinder[s] the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party.'" *Id*. (citation omitted).

Meanwhile, in *Villecco*, the Tenth Circuit determined that the plaintiff had "caused great interference with the judicial process by failing to provide the court with a current mailing address or an address that he regularly checked; respond to discovery requests; appear at his deposition; list any fact witnesses or otherwise comply with the court's Initial Pretrial Order, or respond to the defendants' Motion to Dismiss." *Villecco v. Vail Resorts, Inc*., 707 F. App'x 531, 533 (10th Cir. 2017); *see also Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) (unpublished) ("[H]e did not (1) respond to the order to show cause or (2) notify the court of his change of address as required by the local rules, even though his past actions show he was aware of the requirement."); *Taylor v. Safeway, Inc.*, 116 F. App'x 976, 977 (10th Cir. 2004) (dismissing under *Ehrenhaus* when "judicial process essentially ground to a halt when [plaintiff] refused to respond to either the defendant[s' filings] or the district court's orders"); *Killen v. Reed & Carnick*, No. 95-4196, 1997 U.S. App. LEXIS 430, at *4 (10th Cir. Jan. 9, 1997) (unpublished) ("Plaintiff's willful failure to comply with the orders of the district court flouted the court's authority and interfered with the judicial process." (Internal quotation marks and citation omitted.)). "[F]ailure to respond to court orders cannot be ignored." *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009).

Likewise here, this court determines that plaintiff's failure to prosecute his case, and specifically his failure to comply with court orders, necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors,* 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's neglect has caused the court and staff to spend unnecessary time and effort. The court's frequent review of the docket and preparation of orders to move this case along have increased the workload of the court and take its attention away from other matters in which parties have met their obligations and are deserving of prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 U.S. Dist. LEXIS 72562, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006).

Thus, this factor also weighs in favor of dismissal. *See Kalkhorst,* 2018 U.S. Dist. LEXIS 215598, at *8-9; *see also Estate of Strong v. City of Northglen*, No. 1:17-cv-1276-WJM-SKC, 2018 U.S. Dist. LEXIS 211095, at *10 (D. Colo. Dec. 14, 2018) (report & recommendation) ("It is hard to fathom how failing to respond to orders of the federal district court would *not* interfere with the judicial process." (Emphasis in original.)).

C. LITIGANT'S CULPABILITY.

Evidence of culpability may be drawn from plaintiff's failure to provide an updated address and to respond to defendants' motion for summary judgment. *See Villecco,* 707 F. App'x at 534 (10th Cir. 2017); *see also Faircloth*, 2018 U.S. App. 36450, at *6 (finding culpability when plaintiff "had been solely responsible for his failure to update his address, to respond to the show-cause order"); *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) (stating plaintiff bore responsibility for inability to receive court filings based on his failure to notify court of correct address); *Stanko v. Davis*, 335 F. App'x 744, 747 (10th Cir. 2009)

(unpublished) ("For at least seven months, Stanko failed to follow this order. The district court ordered Stanko to show cause for this failure. Stanko made no effort to explain his failure regarding those seven months.").

Earlier in this case, plaintiff demonstrated his ability to file a complaint on his own, respond to court orders, and has exhibited awareness of his need to update his address with the court. (Doc. Nos. 3, 4, 5, 7 & 17). Because the last time plaintiff communicated with the court was when he filed a change of address on April 3, 2018, he should have been aware of the court's Order on February 1, 2018, in which the court ordered service of process on defendants; defendants to answer; defendants to file a *Martinez* report; defendants to file a dispositive motion; and plaintiff to respond to the dispositive motion. (Doc. No. 8.) Still, more than six months have passed since defendants' motion for summary judgment was filed, with no response or any word at all from plaintiff. And plaintiff has not responded to the order to show cause, nor has he notified the court of any subsequent change of address, though his past actions show he knew that he should. *See Banks*, 680 F. App'x at 724.

This factor weighs in favor of dismissal.

**D.  WHETHER THE COURT WARNED THE NONCOMPLYING LITIGANT THAT DISMISSAL OF THE ACTION WAS A LIKELY SANCTION.**

In *Faircloth*, the court twice warned the plaintiff that failure to comply could result in a dismissal. *Faircloth*, 2018 U.S. App. 36450, at *7. On appeal, when the plaintiff argued that he did not receive these warnings, the Tenth Circuit stated, "he could have received the warnings had he complied with the local rule requiring him to update his address[, and b]ecause he did not, the court's only option was to mail documents to him at his last known address. These mailings constituted effective service [under Fed. R. Civ. P. 5(b)(2)(C)]." *Id*; *see also O'Neil v. Burton Grp*., 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) (supporting district court's decision

to dismiss with prejudice for failure to appear "especially after the party has been warned repeatedly about the consequences of such a failure").

Here, the court stated in its February 2, 2018 order that "[i]f served with a summary-judgment motion . . . Plaintiff *must* submit a response within 30 days of the motion's filing date." (Doc. No. 8, at 6. (Emphasis added.)) And, in its November 28, 2018 Order to Show Cause, the court warned that plaintiff's failure to respond would result in his case being "dismissed for failure to prosecute and failure to file a response." (Doc. No. 32.)

### E. EFFICACY OF LESSER SANCTIONS.

Also in *Faircloth*, the district court had decided that no lesser sanction than dismissal could be effective when "[t]he court had been unable to receive a response from Mr. Faircloth and had no way of learning where Mr. Faircloth was or when he would disclose his new address." *Faircloth*, 2018 U.S. App. 36450, at *7-8. Due to this uncertainty, "the court reasonably concluded that dismissal was necessary." *Id*.

Likewise in *Villeco*, the Tenth Circuit approved dismissal when, "given Villecco's failure to communicate, to respond to any notices or the Motion to Dismiss, or to comply with any deadlines, the [district] court found no lesser sanction than dismissal would be effective." *Villecco,* 707 F. App'x at 533. The court noted that "[a] lesser sanction would be ineffective because a stay would not have a 'real impact on [plaintiff] in encouraging responsiveness.'" *Id*. at 535; *see also O'Neil v. Burton Grp*., 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) ("[S]imply because lesser sanctions were available does not mean that the court was obligated to apply them.").

In *United States ex rel. Jimenez v. Health Net, Inc.*, the Tenth Circuit explained that although "dismissal should be imposed only after careful exercise of judicial discretion," it

> is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules. . . . Dismissal of the [case] is a strong sanction to be sure, but it is no trifling matter for [a party] to abuse our office by disappearing and failing to meet our deadlines. The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.

400 F.3d 853, 855, 856 (10th Cir. 2005).

It is true that, for a pro se party, "the court should carefully assess whether it might . . . impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3; *see also Callahan v. Commun. Graphics, Inc.*, 657 F. App'x 739, 743 (10th Cir. 2016) (unpublished) ("The Court has been beyond lenient with Plaintiff throughout these proceedings based on his pro se status." (citation omitted.)). And "[m]onetary sanctions are meaningless to a plaintiff who has been allowed to proceed in forma pauperis[.]" *Smith v. McKune*, 345 F. App'x 317, 320 (10th Cir. 2009) (unpublished); *cf. Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) ("Because Riviera had filed for bankruptcy, a financial sanction was out of the question.").

Though dismissal is a drastic sanction, the Tenth Circuit has "repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Dismissal is warranted when there is a persistent failure to prosecute the complaint. *See Meade v. Grubbs,* 841 F.2d 1512, 1518 n.6, 1521-22 (10th Cir. 1988).

Applying these principles here, the court concludes that no sanction short of dismissal would be effective. First, though plaintiff is *pro se*, he is not excused of his neglect here. *See Green,* 969 F.2d at 917. Second, plaintiff has neglected this case so thoroughly that the court

doubts monetary or evidentiary sanctions would be effective (even if such sanctions could be motivating for an indigent, *pro se* prisoner). "It is apparent that plaintiff is no longer interested in and/or capable of prosecuting his claims. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result." *Kalkhorst*, 2018 U.S. Dist. LEXIS 215598, at *12-13.

### III.    CONCLUSION

Having comprehensively analyzed the *Ehrenhaus* factors against the timeline and plaintiff's total lack of responsiveness here, the court concludes that dismissal is appropriate.

IT IS THEREFORE ORDERED that the complaint is DISMISSED without prejudice.


Signed January 29, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge